UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES MCCULLARS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-00999-SEB-DLP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255 and Denying Certificate of Appealability**

For the reasons discussed in this Order, James McCullars's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. Legal Standard**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice" *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

## II. Factual Background

Mr. McCullars participated in an online conspiracy for almost ten years through which he shared large collections of child pornography and discussed the sexual exploitation of children. *United States v. Gries*, 877 F.3d 255, 257 (7th Cir. 2017). Members of the conspiracy "used password-protected chat rooms to privately communicate in real time and facilitate the exchange of massive personal libraries of child pornography." *Id.* A criminal complaint against Mr. McCullars was filed in April 2012, and a grand jury returned a second superseding indictment naming Mr. McCullars as a defendant in June 2012. *United States v. McCullars*, 1:11-cr-00191-SEB-DKL-11, (hereinafter "Crim. Dkt."), dkts. 1, 200. A grand jury returned a fourth superseding indictment against Mr. McCullars in July 2014. Crim. Dkt. 513.

The fourth superseding indictment charged Mr. McCullars with one count of conspiracy to distribute and receive child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1) ("Count 1"); one count of conspiracy to sexually exploit a child in violation of 18 U.S.C. § 2251(d)(1)(A) ("Count 2"); and one count of engaging in a child exploitation enterprise in violation of 18 U.S.C. § 2252A(g)(2) ("Count 3"). *Id.* Count 1 and Count 2 were charged as predicate offenses under Count 3. *Id.*

A jury trial began on October 27, 2014, and lasted six days. Crim. Dkts. 591-596. The jury convicted Mr. McCullars on all counts. Crim. Dkt. 598. With respect to Count 3, the jury found Mr. McCullars guilty of all the predicate offenses identified in the fourth superseding indictment. *Id.* A presentence investigation report was prepared, Crim. Dkt. 661, and on June 18, 2015, the Court sentenced Mr. McCullars to life imprisonment, Crim. Dkts. 708, 714.

On appeal, the United States Court of Appeals for the Seventh Circuit found that Mr. McCullars's convictions and concurrent sentences on all counts violated his Fifth Amendment right

not to be punished twice for the same offense and remanded with instructions "to vacate either the convictions on the greater offense or the convictions on the lesser-included offenses." *Gries*, 877 F.3d at 260. The Seventh Circuit rejected Mr. McCullars's challenge to the sufficiency of the evidence underlying Count 2. *Id.* It concluded that "[t]he thousands of file-sharing messages posted in this password-protected online chat room [were] easily sufficient to support" the conviction on Count 2. *Id.* Before addressing Mr. McCullars's challenge to Count 2, the court noted "that the jury's special verdict [was] more than sufficient to support" the conviction on Count 3 because the "jury found that [Mr. McCullars] committed multiple predicate crimes against children." *Id.* Finally, the Seventh Circuit upheld the sentence imposed by the Court against Mr. McCullars's challenge that it was unreasonable. *Id.* at 261.

The Court held a re-sentencing hearing for Mr. McCullars on September 11, 2018. Crim. Dkt. 821. It vacated Mr. McCullars's convictions on Count 1 and Count 2 and sentenced Mr. McCullars to a 360-month term of imprisonment to be followed by a life term of supervised release. *Id.*; *see also* Crim. Dkt. 822.

Mr. McCullars filed this motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 on March 31, 2020. Dkt. 1. The United States responded, dkt. 10, and Mr. McCullars has filed a reply, dkt. 11.

In May 2020, the United States filed a motion to vacate the final order of forfeiture relating to real property Mr. McCullars owned in Huntsville, Alabama. Crim. Dkt. 878. The Court granted the motion to vacate forfeiture and ordered that the proceeds from the sale of this real property be applied to Mr. McCullar's restitution obligation. Crim. Dkt. 882.

### III. Discussion

Mr. McCullars argues that he is entitled to relief under § 2255 because he received ineffective assistance of counsel during his criminal trial and sentencing. Specifically, he contends that counsel's performance was constitutionally ineffective because counsel: 1) failed to challenge the application of a four-level enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 2G2.6(B)(1)(A); 2) failed to object to admission of a victim impact statement; and 3) pressured Mr. McCullars into signing a forfeiture agreement.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel performed deficiently and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Delatorre v. United States*, 847 F.3d 837, 844 (7th Cir. 2017). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

The first inquiry is whether counsel's performance was constitutionally deficient. *Delatorre*, 847 F.3d at 845. This means a petitioner must show that trial counsel's performance "fell below an objective standard of reasonableness" measured by prevailing professional norms. *Strickland*, 466 U.S. at 688. The "central question" is "whether an attorney's representation amounted to incompetence under prevailing professional norms." *Delatorre*, 847 F.3d 845 (internal quotation marks and citations omitted).

Second, a petitioner must show that he was prejudiced by the deficiency of counsel. *Delatorre*, 847 F.3d at 845. This means showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

**A. Sentencing Enhancement**

Mr. McCullars first contends that he received ineffective assistance of counsel when trial counsel failed to challenge the application of a four-level enhancement under U.S.S.G. § 2G2.6(b)(1)(A) to his base offense level for Count 3. Dkt. 1 at 4. He states that his argument is the same as the argument presented by his co-defendant John Gries. *Id.* Mr. Gries argued in his § 2255 motion that the four-level enhancement requires "physical presence and personal confrontation of an actual minor victim" and thus cannot apply to someone who receives, distributes, or possesses child pornography. *Gries v. United States*, 1:19-cv-02556-SEB-MJD, dkt. 1 at 24-26.

Sentencing Guidelines § 2G2.6(b)(1) states: "If a victim (A) had not attained the age of 12 years, increase by 4 levels; or (B) had attained the age of 12 years but had not attained the age of 16 years, increase by 2 levels." U.S.S.G. § 2G2.6(b)(1) (2014). At least one appellate court and one district court have held that, in the context of § 2G2.6(b)(1), "[d]efinition as a victim in this context requires no relationship between a possessor of child pornography and the child depicted therein." *United States v. McGarity*, 669 F.3d 1218, 1260 (11th Cir. 2012), *abrogated on other grounds as recognized by United States v. Rothenberg*, 923 F.3d 1309, 1336 (11th Cir. 2019); *see also United States v. Grovo*, No. CR 13-30-M-DWM-13, 2018 WL 3406869, *3 (D. Mont. July 12, 2018).

In light of this precedent, trial counsel did not perform in an objectively unreasonable manner by failing to challenge application of the four-level enhancement to Mr. McCullars's base

offense level for Count 3. Mr. McCullars therefore cannot establish that he received ineffective assistance, and he is not entitled to relief on this basis.[1]

### B. Victim Impact Statement

Mr. McCullars's second claim of ineffective assistance of counsel challenges counsel's failure to object to a victim impact statement submitted by Jane Doe. Dkt. 1 at 6. Mr. McCullars argues that counsel should have objected to the victim impact statement because the victim described the "attacker" as an individual with green eyes and Mr. McCullars has blue eyes. *Id.*

It was not objectively unreasonable for counsel to not object to the admission of Jane Doe's victim impact statement at sentencing. "The rules of evidence do not apply during sentencing proceedings; the only requirement is that the evidence supporting the sentence must be reliable." *United States v. Cooper*, 591 F.3d 582, 591 (7th Cir. 2010). Although Mr. McCullars argues that the difference in eye color between himself and the attacker described by Jane Doe makes her victim impact statement unreliable, the United States provided sufficient information during sentencing proceedings to establish the reliability of Jane Doe's identification of Mr. McCullars, meaning counsel was not ineffective for failing to object to the admission of Jane Doe's victim impact statement.

In its sentencing memorandum, the United States provided Jane Doe's account of the instance where Mr. McCullars sexually abused her, including her description of Mr. McCullars "as being heavy-set, with brown hair, a beard, and green eyes." Crim. Dkt. 697 at 5-6. It also represented (1) that Mr. McCullars admitted to being a "frequent weekend guest" at the home of

---

[1] To the extent Mr. McCullars can be understood to argue that counsel should have objected to the enhancement because no victim was under the age of 12, *see* dkt. 1 at 4, counsel did raise this objection at Mr. McCullars's initial sentencing hearing, *see* dkt. 659 at 1. The Court overruled the objection. *See* dkt. 743 at 14-16.

the individual with whom Jane Doe often spent the night and (2) that "additional witnesses [corroborated Mr.] McCullars's frequent presence at [the individual's] home, including overnight visits when Jane Doe was staying there." *Id.* Even accepting Mr. McCullars's argument that he has blue—not green—eyes, the United States submitted sufficient other information to establish the reliability of Jane Doe's identification of Mr. McCullars as someone who sexually abused her. Considering all of the information presented by the United States, any objection to the admission of Jane Doe's victim impact statement would have been futile, and thus it was not objectively unreasonable for counsel to fail to challenge its admissibility. *See Carter v. Douma*, 796 F.3d 726, 735 (7th Cir. 2015) (recognizing counsel's "performance was not deficient for failing to make a futile objection" where petitioner alleged counsel should have objected to the admission of evidence). Mr. McCullars is not entitled to habeas relief on this basis.

### C. Restitution

Mr. McCullars's final argument is that trial counsel provided ineffective assistance by improperly pressuring Mr. McCullars to sign a restitution agreement that "was contrary to [his] best legal interest." Dkt. 1 at 7. But, a § 2255 motion cannot be used to challenge a restitution award. *United States v. Bania*, 787 F.3d 1168, 1172 (7th Cir. 2015) (citing *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997)). This challenge must therefore be denied.[2]

### IV. Conclusion

Mr. McCullars did not receive ineffective assistance of counsel during his criminal proceedings. Thus, he is not entitled to relief on his § 2255 motion. His motion for relief pursuant

---

[2] Part of Mr. McCullars's challenge to the restitution agreement is that proceeds from the sale of his real property should be applied to his restitution obligation. *See* dkt. 1 at 7. This argument is now moot. After Mr. McCullars filed his § 2255 motion, the United States moved to vacate the forfeiture award and apply the proceeds of the real property sale to Mr. McCullars's restitution obligation. Crim. Dkt. 878. The Court granted that motion. Crim. Dkt. 882.

to § 2255 is **denied**, and this action is **dismissed with prejudice**. Judgment consistent with this Order shall now issue and the Clerk **shall docket a copy of this Order in No. 1:11-cr-00191-SEB-DKL-11**. The motion to vacate, Crim. Dkt. [872], shall also be **terminated** in the underlying criminal action.

### V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. McCullars has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 10/14/2021

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES MCCULLARS
29737-001
TALLADEGA – FCI
TALLADEGA FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
TALLADEGA, AL 35160

Steven D. DeBrota
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
steve.debrota@usdoj.gov